J. S63031/17

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
NATHAN HAYNES, : No. 356 WDA 2017
:
Appellant :


Appeal from the PCRA Order, February 3, 2017,
in the Court of Common Pleas of Mercer County
Criminal Division at No. CP-43-CR-0001556-2014


BEFORE: BOWES, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: FILED NOVEMBER 28, 2017

Nathan Haynes appeals from the February 3, 2017 order denying his

petition for relief filed pursuant to the Post-Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court set forth the relevant findings of fact and procedural

history of this case as follows:

> 1. [Appellant] was arrested on August 26, 2014
> [in connection with his involvement in the
> robbery and assault of Gary Butch
> ("the victim") earlier that day].
>
> 2. [Assistant Public Defender Autumn L. Johnson,
> Esq. ("Attorney Johnson")] was initially
> appointed to represent [appellant].
>
> 3. [Appellant], being dissatisfied with
> [Attorney Johnson], retained private counsel[,
> Stanley T. Booker, Esq. ("Attorney Booker"),]
> for the preliminary hearing.

4.     [Appellant] was bound over for trial at the conclusion of said hearing.

5.     [Appellant] was unable to continue having [Attorney Booker] represent him, and [Attorney Johnson] was again appointed to represent [appellant].

6.     On January 15, 2015, an omnibus motion was filed on [appellant's] behalf seeking to suppress a statement made by [appellant] at the time of his arrest and to suppress the fruits of a search at the time of [his] arrest.

7.     The hearing was held on that motion before the Honorable Daniel P. Wallace on February 4, 2015.

8.     At the conclusion of said hearing, the motion was denied.

9.     [Appellant] filed a separate second omnibus motion seeking to suppress the [victim's] identification.

10.     That motion was [addressed at a] hearing on March 4, 2015, before the Honorable Daniel P. Wallace.

11.     Said motion was denied that date.

12.     The Commonwealth conveyed a plea offer to [appellant] on March 19, 2015, that [appellant] plead guilty to robbery, fleeing and eluding, and simple assault.

13.     The plea offer did not contain any sentence bargains.

14.     [Appellant's] plea offer had an end date of April 7, 2015.

15.    Part of the plea offer was that if it was not accepted, the complaint would be amended to include a charge of aggravated assault with a deadly weapon enhancement.

16.    [Attorney Johnson] discussed that plea with [appellant].

17.    [Appellant] rejected that plea.

18.    No counteroffer was made.

19.    On April 20, 2015, the Information was amended to include a charge of aggravated assault with a deadly weapon enhancement.

20.    That same date, [appellant] indicated a desire to proceed pro se; and the [trial court], after an extensive colloquy, found that he did so freely and voluntarily and granted his right to do so.

21.    [Attorney Johnson] was appointed as standby counsel.

22.    In the waiver of [counsel] colloquy, the [trial court] specifically told [appellant] that [Attorney Johnson] would be there to answer questions but not to provide advice. He indicated that he understood the same.

PCRA court opinion, 3/22/17 at 6-8, ¶¶ 1-22.

Appellant proceeded to a jury trial on April 21, 2015. Following a three-day trial, the jury found appellant guilty of three counts each of robbery and criminal conspiracy to commit robbery, and one count each of harassment, criminal conspiracy to commit harassment, and criminal

conspiracy to commit theft by unlawful taking.[1]  On June 23, 2015, the trial court sentenced appellant to an aggregate term of 13 to 35 years' imprisonment.  At appellant's request, the trial court re-appointed Attorney Johnson to represent him on June 24, 2015.  Attorney Johnson filed multiple post-sentence motions on appellant's behalf, which were denied by the trial court on July 6 and 22, 2015.  On July 24, 2015, appellant filed a timely notice of appeal, and a panel of this court affirmed his judgment of sentence on March 8, 2016.  See Commonwealth v. Haynes, 144 A.3d 193 (Pa.Super. 2016) (unpublished memorandum), appeal denied, 145 A.3d 724 (Pa. 2016).  On August 18, 2016, our supreme court denied appellant's petition for allowance of appeal.  Id.

On October 6, 2016, appellant filed a pro se PCRA petition and J. Jarrett K. Whalen, Esq. ("Attorney Whalen"), was appointed to represent him.  Attorney Whalen subsequently withdrew and Matthew Parsons, Esq. ("Attorney Parsons"), was appointed to represent appellant on October 14, 2016.  On December 19, 2016, Attorney Parsons filed a motion to schedule a PCRA hearing which reiterated three issues on appellant's behalf. Thereafter, on February 3, 2017, the PCRA court conducted an evidentiary hearing on appellant's petition.  During said hearing, Attorney Johnson testified at great length about her representation of appellant pre-trial and post-trial, as well as her role as standby counsel.  (See notes of testimony,

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), (iii), 903(a), 2709, 3921(a), respectively.

2/3/17 at 32-51.) Following the hearing, the PCRA court entered an order denying appellant's petition that same day. This timely appeal followed on February 28, 2017. On March 1, 2017, the PCRA court directed appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on March 16, 2017, and the PCRA court filed its Rule 1925(a) opinion on March 22, 2017.[2]

Appellant raises a litany of ineffectiveness claims for our review:

1. Did the PCRA court err as a matter of law or abuse its discretion when it determined that [a]ppellant's counsel at the time was not ineffective by failing to file the following various pretrial motions for justified reasons: motion to join case with co-defendants, motion for change of venue or recusal of judge due to the trial court's knowledge of the victim in this case, and motion to suppress evidence found on [a]ppellant's person during a stop of [a]ppellant without probable cause?

2. Did the PCRA court err as a matter of law or abuse its discretion when it determined that [a]ppellant's counsel at the time was not ineffective by failing to appeal the issue concerning the identification of [a]ppellant by the victim?

3. Did the PCRA court err as a matter of law or abuse its discretion when it determined that standby counsel at trial was not ineffective when standby counsel would not answer questions posed to her and created a situation

---

[2] The record reflects that appellant is currently represented on appeal by Edwin J. Thorn, Esq.

where [a]ppellant was roundly set up to fail in his defense?

4. Did the PCRA court err as a matter of law or abuse its discretion when it determined that post-trial/appellant [sic] counsel was not ineffective for failing to raise all issues [a]ppellant wanted to be raised on appeal?

Appellant's brief at 3-4.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." Commonwealth v. Miller, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." Commonwealth v. Patterson, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). Further, these issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish the

- 6 -

following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." Commonwealth v. Charleston, 94 A.3d 1012, 1020 (Pa.Super. 2014), appeal denied, 104 A.3d 523 (Pa. 2014) (citation omitted). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." Commonwealth v. Ousley, 21 A.3d 1238, 1242 (Pa.Super. 2011), appeal denied, 30 A.3d 487 (Pa. 2011) (citation omitted).

For the ease of our discussion, we will address appellant's clams in a slightly different order than presented in his appellate brief. Appellant first argues that Attorney Johnson was ineffective in her capacity as pre-trial counsel by failing to file various pre-trial motions. Specifically, appellant argues that Attorney Johnson was ineffective in failing to file a motion to join his case with that of his two co-defendants. (Appellant's brief at 12.) We disagree.

Our review of the record reveals that Attorney Johnson testified at length at the February 3, 2017 hearing with regard to her strategy to forgo filing a motion to join appellant's case with that of his co-defendants. Specifically, Attorney Johnson explained as follows:

> [Appellant] did bring [filing a pre-trial motion for joinder] up in some of our conversations for the reasons that he said today of why he felt that it was important for there to be a joinder. I didn't feel it was proper trial strategy to request that. My strategy was going to be totally different than what

> [appellant, proceeding pro se] ended up doing, and it did not involve -- it kind of involved having a low profile and definitely -- I didn't think it was appropriate to have all three [defendants] tried at the same time. There was different evidence that could have not helped him.

Notes of testimony, 2/3/17 at 42.

"[G]enerally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." Commonwealth v. Koehler, 36 A.3d 121, 132 (Pa. 2012). "If counsel's chosen course had some reasonable basis, the inquiry ends and counsel's assistance is deemed effective." Commonwealth v. Williams, 899 A.2d 1060, 1064 (Pa. 2006). Based on the foregoing, we find that Attorney Johnson had a reasonable strategic basis for electing not to file a pre-trial motion to join appellant's case with that of his co-defendants. Accordingly, appellant has failed to satisfy the second prong of the ineffectiveness test, and his claim must fail. See Charleston, 94 A.3d at 1020.[3]

Appellant next argues Attorney Johnson was ineffective in failing to file a pre-trial motion requesting a change of venue or the recusal of the trial

---

[3] We further note that the trial court made a specific finding at the PCRA hearing that joinder would not have aided appellant's argument, as "the issue of whether or not there were three people [(appellant and his co-defendants] or two people [(just appellant's co-defendants)] that committed the crime was plainly argued to the jury." (Notes of testimony, 2/3/17 at 59.)

court judge, due to the fact that the victim's wife was a court reporter in the 1980s. (Appellant's brief at 13.) We disagree.

Our supreme court has long-recognized that a change of venue requires a determination as to "whether any juror formed a fixed opinion of the defendant's guilt or innocence due to the pretrial publicity." Commonwealth v. Briggs, 12 A.3d 291, 313 (Pa. 2011) (citation omitted), cert. denied, 565 U.S. 889 (2011). Likewise, "[i]t is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially." Commonwealth v. White, 910 A.2d 648, 657 (Pa. 2006) (citation omitted).

Here, the record reflects that Attorney Johnson testified at the February 3, 2017 hearing that she does not recall appellant's requesting that she file a pre-trial motion for a change of venue, and that in any event, there was no evidence to support a change of venue or the recusal of the trial court judge on the basis that the victim's wife had previously worked as a court reporter in the 1980s. Attorney Johnson explained that these motions were not an appropriate strategy because there was very little pre-trial publicity in this case; no evidence of bias or prejudice; and she had no reason to suspect that the trial court would not be impartial. (Notes of testimony, 2/3/17 at 37-38, 42-43.) Attorney Johnson noted that Mercer

County is a small county where such connections are unavoidable and that this is not a proper basis for a change of venue or recusal. (Id. at 42.)

Based on the foregoing, we find that Attorney Johnson had a reasonable strategic basis for electing not to file pre-trial motions for a change of venue or recusal of the trial court judge. See Williams, 888 A.2d at 1064. Accordingly, appellant has failed to satisfy the second prong of the ineffectiveness test, and his claim must fail. See Charleston, 94 A.3d at 1020.

Appellant also argues Attorney Johnson was ineffective in failing to argue in the January 15 and February 12, 2015 suppression motions that the traffic stop lacked probable cause due to discrepancies between the affidavit and the BOLO[4] notice. (Appellant's brief at 15.) For the following reasons, we disagree.

The record reflects that Attorney Johnson testified at the February 3, 2017 evidentiary hearing that it was her strategy to advance only the strongest arguments in appellant's suppression motions that she could "make a sensible argument about in the appellate courts." (Notes of testimony, 2/3/17 at 37.) Attorney Johnson explained that she felt that Trooper Gregory Bogan's affidavit was proper and its discrepancies with the

---

[4] BOLO stands for "Be On the Look-Out."

BOLO notice reflected his subsequent investigation.[5]  Specifically, Attorney Johnson testified as follows:

> Q.    Okay.   This issue of [the] false or deceitful affidavit, how about that?
>
> A.    [Appellant] did bring that up with me. Basically, what it was was that when Trooper [Gregory] Bogan wrote his affidavit, he put in things like the car was a Chevy or -- I'm sorry. The car was a Chevy with a specific license plate.   The way I read it was that Trooper Bogan did an investigation and put all the pieces together in his affidavit that he had at that point.
>
> . . . .
>
> Basically, it was Trooper Bogan [that] put this together after he had all the information.   So when he says Chevy Tahoe with this license plate left the scene, he's saying that because he found that out a little later after this person was arrested, so he put those pieces together. I didn't think -- nothing in [the affidavit] looked like it was a lie that he was saying -- I didn't see that any of it was a lie.

Id. at 43-44.

Based on the foregoing, we find that trial counsel had a reasonable strategic basis for electing to advance only those arguments in the suppression motions which had a reasonable chance of success.   See Williams, 888 A.2d at 1064.  Accordingly, appellant has failed to satisfy the

---

[5] The record reflects that appellant and his co-defendants were initially reported to have fled the robbery in a black Dodge Durango SUV, but they were in fact stopped while driving what was described as a black Chevy Tahoe SUV in the affidavit.  (Notes of testimony, 2/3/17 at 27, 43.)

second prong of the ineffectiveness test, and his claim must fail. See Charleston, 94 A.3d at 1020.

We now turn to appellant's contention that Attorney Johnson was ineffective in her capacity as standby counsel by refusing to "answer questions posed to her [during trial] and creat[ing] a situation where [a]ppellant was roundly set up to fail in his defense[.]" (Appellant's brief at 4, 17.) This claim is meritless.

Our supreme court has long recognized that "when a defendant elects to proceed at trial pro se, the defendant, and not standby counsel, is counsel of record and is responsible for trying the case." Commonwealth v. Blakeney, 108 A.3d 739, 756 (Pa. 2014) (citation omitted), cert. denied, ___ U.S. ___, 135 S.Ct. 2817 (2015). "[A] defendant who knowingly and intelligently waives his right to counsel and represents himself at trial cannot later seek to revive defaulted trial claims by alleging his own ineffectiveness or the ineffectiveness of his standby counsel." Id. at 749 (citation omitted). Accordingly, appellant's contention that Attorney Johnson was ineffective in her capacity as standby counsel must fail.

Appellant's final two claims concern Attorney Johnson's purported ineffectiveness in her capacity as appeal counsel, "for failing to raise all [the] issues [a]ppellant wanted to be raised on appeal." (Appellant's brief at 4.) Specifically, appellant argues that Attorney Johnson was ineffective in failing

to challenge the trial court's decision not to suppress the victim's identification of appellant and for failing to argue that appellant's right to a prompt trial under Pa.R.Crim.P. 600 was violated. (Id. at 16, 19.) For the following reasons, we disagree.

Instantly, the PCRA court comprehensively discussed appellant's underlying Rule 600 and identification claims and determined that they were devoid of merit. (PCRA court opinion, 3/22/17 at 11.) Specifically, the trial court concluded as follows:

> [Appellant] was brought to trial within one year of the date of his arrest. Hence, [Attorney Johnson] was not ineffective for failing to raise Rule 600 on appeal.
>
> . . . .
>
> In the case at hand, there was no suggestive identification procedure used by the police. [The victim] went to [appellant's] preliminary hearing and observed [appellant] as he went into the Magisterial District Judge's Courthouse. [The victim] also spent a considerable period of time with [appellant] when the crime was committed. That time establishes an independent basis for the identification. Hence, [Attorney Johnson] was not ineffective for failing to raise this issue on appeal.

Id. at 15-16.

Following our careful consideration, we find that the PCRA court's conclusions are supported by competent evidence. It is well settled that Attorney Johnson cannot be found ineffective for failing to raise or pursue meritless claims. See Commonwealth v. Freeland, 106 A.3d 768, 778

(Pa.Super. 2014) (stating, "it is axiomatic that [trial] counsel will not be considered ineffective for failing to pursue meritless claims." (citation omitted)). Based on the foregoing, we agree that appellant has failed to satisfy the arguable merit prong of the ineffectiveness test, and his claim must fail. See Charleston, 94 A.3d at 1020.

Accordingly, we affirm the February 3, 2017 order of the PCRA court.

Order affirmed.[6]


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/28/2017

---

[6] We note that on September 1, 2017, appellant, despite being represented by counsel, filed with this court a pro se motion to amend brief. We deny appellant's motion. See Commonwealth v. Ellis, 626 A.2d 1137, 1139 (Pa. 1993) (finding that "there is no constitutional right to hybrid representation either at trial or on appeal").